UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PHONG VAN NGUYEN                                                              CIVIL ACTION

VERSUS                                                                                    NO. 07-2881

GEORGE TOWNSEND, BINH TRAN,
JOHN DOE, AND XYZ INSURANCE COMPANY                       SECTION "T"(5)

ORDER AND REASONS

Before the Court is a Motion to Dismiss pursuant to FRCP 12(b)(6) filed by Defendant, George Townsend. Rec. Doc. 20. Plaintiff, Phong Van Nguyen, filed an Opposition to the Motion. Rec. Doc. 21. The matter came for hearing without oral argument on November 14, 2007, and was submitted on the briefs. The Court having considered the memoranda and arguments of the parties, the record, the law, and applicable jurisprudence is fully advised in the premises and ready to rule.

I.    BACKGROUND

Phong Van Nguyen (hereinafter, "Plaintiff") filed this action for injuries received while working aboard the *F/V Sea Angels II* as a commercial fisherman.[1] Plaintiff's complaint alleges that on May 15, 2004, the *F/V Sea Angels II* was anchored in the Gulf of Mexico off the coast of Grand

---

[1] The Court notes that the Complaint names the vessel as both the *F/V Sea Angle, II* and the *F/V Sea Angels, II*; however, in the documents attached to the Plaintiff's Opposition, the vessel is identified as the *F/V Sea Angels, II* The discrepancy does not alter the Court's analysis as to this Motion; but is noted so that the parties can clear any confusion and name the appropriate vessel in the future.

1

Isle when the *F/V Francis X Seelos II* allied with the *F/V Sea Angels II* causing Plaintiff injuries. It is alleged that at the time of the accident, the *F/V Francis X Seelos II* was owned and operated by either George Townsend and/or Binh Tran and/or John Doe.  Rec. Doc. 1 at p. 2 ¶ 7.  George Townsend, Bihn Tran, John Doe as well as their insurers and the insurer of the vessel identified as XYZ Insurance Company, have been named as Defendants.

George Townsend (hereinafter, "Townsend") filed a Motion to Dismiss pursuant to FRCP 12(b)(6) arguing Plaintiff has no claim against him because on the date of the accident he was not the owner or the operator of the *F/V Francis X Seelos II*, Official Number 1114578.  Rec. Doc. 20.  Attached to Townsend's Motion is the U.S. Coast Guard's General Index or Abstract of Title of the vessel providing that the vessel *Francis X. Seelos*, Official Number 1114578 was built for Binh Tran on June 12, 2001.  *See* Exhibit "A" attached to Rec. Doc. 20.  The index also provides that the ownership of the vessel changed hands numerous times before finally being sold to George Townsend on January 6, 2006.  *See* Exhibit "A" attached to Rec. Doc. 20 at p. 4.  Also attached is a Bill of Sale dated January 6, 2006 providing that the vessel named *F/V Nguyen TJ II* bearing Official Number 1114578 was sold by Business Loan Center, LLC to George Townsend (sole owner) on January 6, 2006.  *See* Exhibit "A" attached to Rec. Doc. 20 at p. 5. Townsend argues that the General Index or Abstract of Title is the official record of ownership of the *F/V Francis X. Seelos*, Official Number 1114578 and as such, can be considered on a FRCP 12(b)(6) motion because it is a public record.  Because these documents evidence that Townsend did not own the vessel on May 14, 2004, he seeks dismissal.

Plaintiff's Opposition provides that the there is conflicting information as to whether or not

Townsend owned the *F/V Francis X. Seelos, II* at the time of the subject allision. Rec. Doc. 21. In support, Plaintiff attaches documentation received pursuant to two (2) Freedom of Information Act requests to the U.S. Department of Homeland Security, United States Coast Guard dated July 14, 2004 and November 8, 2006. See Exhibits "B" and "A" respectively, attached to Rec. Doc. 21. Exhibit "B" contains, *inter alia*, an investigative summary regarding the May 2004 allision and provides that on the date of the accident, Binh Tran was the owner of the *F/V Francis X. Seelos, II*.[2] Exhibit "A" contains a Vessel Critical Profile dated October 31, 2006 providing that George Townsend is the owner of the vessel with Official Number 1114578. *See* Exhibit "A" attached to Rec. Doc. 21 at p. 2. This exhibit also contains U.S. Coast Guard Activity Summary Reports which show the activity start times as September 2001. *See* Exhibit "A" attached to Rec. Doc. 21 at pp. 3-8. The Activity Summary Reports provide that the owner of the vessel bearing number 1114578 is George Townsend. *See* Exhibit "A" attached to Rec. Doc. 21 at pp. 3, 5, 7. Plaintiff argues that these documents conflict with the documentation provided by Townsend and creates doubt as to Townsend's position that he did not own the vessel at the time of the allision. Rec. Doc. 21.

Townsend's reply provides that the documents attached to Plaintiff's Opposition serve to confirm that Townsend is the current owner of the vessel and was not the owner in May 2004. First, Townsend urges that the Vessel Critical Profile dated October 31, 2006 establishes only the ownership as of the date of the report and nothing else. Second, the Freedom of Information Act

---

[2] The Court notes that the date provided in the investigative summary regarding the date of the accident, May 16, 2004, is different than the date provided in Plaintiff's complaint regarding the date of the accident, May 15, 2004. The discrepancy does not alter the Court's analysis as to this Motion; but is noted so that the parties can clear any confusion.

information provided in November 8, 2006 confirms only that Townsend was the owner on that date and does not contradict the information contained in the General Index or Abstract of Title. Rec. Doc. 26 at p. 2. Finally, Townsend argues that the General Index or Abstract of Title provided to him by the U.S. Coast Guard denotes that on March 23, 2005, subsequent to the alleged accident, the subject vessel went through a United States Marshal's sale, and cleared the vessel of all liens existing at the that time. Thus, Townsend contends he can have no liability as he purchased the vessel free and clear. Rec. Doc. 26 at p. 3.

## II.     LAW AND ANALYSIS

Dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) "is viewed with disfavor and is rarely granted." *Lowery v. Texas A&M University System*, 117 F.3d 242, 247 (5th Cir. 1997); *Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982). The complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the original complaint must be taken as true. *Oliver v. Scott,* 276 F.3d 736, 740 (5th Cir.2002); *Campbell v. Wells Fargo Bank*, 781 F.2d 440, 442 (5th Cir. 1980). The Fifth Circuit has pointed out the proper inquiry on at Rule 12(b)(6) motion is "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." *Lowery*, 117 F.3d at 247, citing 5 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure, §1357, at 601 (1969).

Consideration of a 12(b)(6) motion focuses solely on the allegations in the complaint. However, introduction of matters of public record and entertainment of oral argument is permissible. *Louisiana ex rel. Guste v. United States*, 656 F.Supp. 1310, 1314 n. 6 (W.D.La.1986), citing 5 Wright & Miller, Federal Practice and Procedure, §§ 1357 n. 41 and 1364, n. 24-43. *See also Cinel*

*v. Connick*, 15 F.3d 1338, 1343 n. 6 (5th Cir.)("In deciding a 12(b)(6) motion to dismiss, a court may permissibly refer to matters of public record."). When deciding a Rule 12(b)(6) motion, the Court will not consider matters outside the pleadings, except those matters of which the Court takes judicial notice. *Cousin v. Small*, 2001 WL 617455 (E.D.La.2001) referring to Fed.R.Civ.P. 12(b); Fed R. Evid. 201; *See also In re Ford Motor Co. Bronco II*, 909 F.Supp. 400, 403 (E.D.La.1995) ("[T]he Court may take judicial notice of matters of public record."); *Chadwick v. Layrisson*, 1999 WL 717628, at *2 (E.D.La. 1999) (same); *Gauthreaux v. USAA Cas. Ins*. Co. L 65573, *1 -2 (E.D.La..2001) (same).

In this case, it is clear that the complaint states a valid claim against Townsend as the proposed owner and operator of the vessel on the date of the accident. Nevertheless, both parties have submitted documents that are matters of public record for the Court's consideration on this Motion to Dismiss. Townsend submits a certified copy of the General Index or Abstract of Title and the Bill of Sale obtained by the United States Coast Guard and Plaintiff submits documentation received from his Freedom of Information Act requests also provided by the United States Coast Guard. Neither party argues that the opposing parties documents are not public record; rather, Townsend urges only that his submitted documents control based upon an opinion of this District in *Leonard Bergeron v. Hoarce Blanchard and Isis, Inc.* 1997 WL 564000 (E.D La. 1997)(Clement, J).

The *Leonard* case is not controlling as it did not deal with a Motion to Dismiss but rather dealt with a Motion for Summary Judgment. Further, the public record documents submitted are conflicting as to whether or not Townsend owned the vessel bearing number 1114578 in May 2004. Of particular interest to the Court is the September 2001 Activity Summary Report listing Townsend

as the owner of the vessel. *See* Exhibit "A" attached to Rec. Doc. 21 at p. 3, 5, 7. This document clearly conflicts with the General Index or Abstract of Title and Bill of Sale providing that the same vessel was conveyed to Townsend on January 6, 2006. *See* Exhibit "A" attached to Rec. Doc. 20 at p. 4. While this conflicting information can easily be rectified by affidavit(s) on a Motion for Summary Judgment, such affidavit and Motion are not before the Court at this time. Considering the complaint and the public record documents presented by all parties on the Motion to Dismiss in the light most favorable to the Plaintiff and with every doubt resolved in his behalf, the complaint states a valid claim for relief and the Motion to Dismiss is **DENIED.**

Accordingly,

**IT IS ORDERED** that the Motion to Dismiss filed by George Townsend is **DENIED**. (Rec. Doc. 20).

New Orleans, Louisiana this 30th day of November, 2007.

**G. THOMAS PORTEOUS, JR.**
**UNITED STATES DISTRICT JUDGE**

6